**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BABETTE NICKLESS-PURCELL,<br><br>                              Plaintiff,<br><br>       v.<br><br>THE RMR GROUP LLC,<br><br>                              Defendant. | Case No. 24-cv-01718-BAS-DTF<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 19)** |

Presently before the Court is Plaintiff Babette Nickless-Purcell's motion for reconsideration. (ECF No. 19.) Plaintiff seeks reconsideration of the Court's Order Granting Defendant RMR's Motion to Compel Arbitration. (ECF No. 17.) The motion for reconsideration has been fully briefed. (ECF Nos. 19, 27, 28.) The Court finds the motion suitable for determination on the papers submitted. *See* Civ. L.R. 7.1(d)(1). Upon review, the Court **DENIES** Plaintiff's motion without prejudice.

- 1 -

24cv1718

## I.   BACKGROUND

In its prior Order, the Court granted Defendant's motion to compel arbitration. (Arbitration Order, ECF No. 17.) In opposing that motion, Plaintiff argued that both the delegation clause and the Arbitration Agreement as a whole were unconscionable. (Arbitration Opp'n 8:7; 12:17, ECF No. 7.) The Court found that Plaintiff demonstrated some procedural unconscionability but failed to establish substantive unconscionability. (Arbitration Order, ECF No. 17.)

Following the Court's Order compelling arbitration, Plaintiff contacted the firm National Arbitration and Mediation ("NAM") to initiate proceedings, apparently without copying Defendant on those communications. (Reconsideration Mot. ("Mot.") 2:9–10, ECF No. 19-1; Exs. 1–4, ECF Nos. 19-3–19-6.) NAM informed Plaintiff that she was required to sign a "Demand Form" to proceed. (*Id*.) Plaintiff sought to reject the form, but NAM refused to administer the arbitration without her consent. (Mot. 2:22–25; Exs. 1–4, ECF Nos. 19-3–19-6.) Notably, Plaintiff never raised her objections to the Demand Form with Defendant. (Mot. 6:2–11.)

Plaintiff contends that she had "no ability to proceed with arbitration absent acceptance of the undisclosed and rights-waiving conditions" imposed by the Demand Form. (Mot. 9:25–26.) On this basis, Plaintiff argues that the Demand Form renders the Arbitration Agreement substantively unconscionable. (Mot. 2:25–3:1.)

Plaintiff now moves for reconsideration based on newly discovered evidence—specifically, the Demand Form that Plaintiff characterizes as "bespoke" to RMR. (Mot. 3:2–6, 4:12–17; Reply 2:6–10, ECF No. 28.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the

24cv1718

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A district court may modify an interlocutory order at any time before entry of final judgment. *See Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders made pre-trial are subject to modification at any time prior to final judgment." (quotation omitted)); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). The merits of such a motion can be evaluated under the Rule 59(e) standard. *See Bell v. Home Depot U.S.A., Inc.*, No. 2:12-CV-02499-DJC-CKD, 2024 WL 3011473, at *3 (E.D. Cal. June 11, 2024).

Reconsideration under Rule 59(e) is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). It should be used "sparingly in the interests of finality and conservation of judicial resources." *Id.*

Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the court "is presented with newly discovered evidence," (2) the court "committed clear error," or (3) "there is an intervening change in controlling law." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

## III.  ANALYSIS

Plaintiff filed the motion for reconsideration without (1) conferring or attempting to confer with Defendant in violation of this Court's Standing Order for Civil Cases § 4(A), or (2) selecting a hearing date in violation of Standing Order § 4(B). (Opp'n 2:13–18, ECF No. 27; *see also* ECF No. 20.) Reconsideration is a noticed motion, and the omission of a hearing date is not excused. (Not. Mot. 2, ECF No. 19.)

Plaintiff contends that because "there was no issue that could be resolved without the Court's involvement, there was nothing to meet and confer about." (ECF No. 21.) This

argument fails. It is not Plaintiff's prerogative to determine whether compliance with this Court's Standing Order is appropriate. Moreover, Defendant's opposition demonstrates that resolution of the Demand Form issue was attainable. During a post-motion meet and confer, Defendant offered to jointly engage with NAM regarding the Demand Form or to identify a mutually acceptable alternative arbitration provider. (Mariconti Decl. ¶¶ 10–11, ECF No. 27-1.) Plaintiff failed to involve Defendant in her communications with NAM or this Court. Accordingly, the Court denies the motion for reconsideration on the ground that Plaintiff failed to comply with this Court's Standing Order.

Although the Court does not reach the merits, it notes several additional deficiencies. First, Plaintiff's motion characterizes the Demand Form as a "bespoke" RMR form, yet Plaintiff did not attach that form to the moving papers. (Exs. 1–4, ECF Nos. 19-3–19-6.) Plaintiff's counsel declares that Exhibit 2 contains the NAM Employment Demand, Rules, and Fees that NAM provided—but that exhibit reflects a standard NAM form, not one unique to RMR. (Hillier Decl. ¶¶ 3–4, ECF No. 19-2; Ex. 2, ECF No. 19-4.) Counsel's declaration further states that his office "filled out the NAM form that NAM provided to initiate arbitration," which suggests Plaintiff used the standard form. (Hillier Decl. ¶ 4.)

Second, any issues with the Demand Form could have been raised in Plaintiff's opposition to the motion to compel arbitration. (ECF No. 5.) As Defendant notes, the Arbitration Agreement expressly informed Plaintiff that she could access NAM's rules through RMR's human resources department, directly from NAM, or through NAM's website. (Opp'n 5:16–18; Ex. 1 at 2(B)(ii), ECF No. 19-3.) The Court therefore finds that the Demand Form does not constitute newly discovered evidence, as it was discoverable before Plaintiff opposed the motion to compel arbitration.

24cv1718

## IV.   CONCLUSION

Accordingly, the Court **DENIES** without prejudice Plaintiff's motion for reconsideration. Plaintiff is warned that it must comply with this Court's Standing Order in all future filings.

**IT IS SO ORDERED.**

**DATED: April 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

24cv1718